<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____
:
JAMAR LONG,                          :
                                     : Civil Action No. 14-3822 (RMB)
            Petitioner,              :
                                     :
        v.                           :          **OPINION**
                                     :
WARDEN J.T. SHARTLE,                 :
                                     :
            Respondent.              :
_____ :

    This matter comes before the Court upon Petitioner's § 2241 petition, <u>see</u> Docket Entry No. 1 ("Petition"), that arrived unaccompanied by the $5.00 filing fee or Petitioner's <u>in forma pauperis</u> application.  <u>See id.</u>

    Petitioner is a federal inmate currently confined at the FCI Fairton, New Jersey.  <u>See</u> <u>generally</u>, Docket.  His imprisonment resulted from a conviction and sentence rendered by the United States District Court for the District of Maryland after Petitioner pled guilty to various criminal offenses deriving from the items located at Petitioner's residence upon a warrant-based search, <u>i.e.</u>, heroin, PCP, marijuana, firearms, ammunition, etc. <u>See</u> Docket Entry No. 1, at 10-13.  Petitioner neither appealed nor filed a § 2255 motion.  <u>See id.</u> at 7.  Rather, he filed the Petition at bar asserting that: (a) the search warrant was procured by police on the basis of a false statement; and (b) the Petition under § 2241 jurisdiction was an appropriate vehicle for

his attack on his conviction and underlying evidence because he was "way pass the one-year time period for a 2255 motion . . . and [he was raising] an ac[tu]al innocence claim [and he] fe[lt] that this [was] the proper legal procedure." Id. at 7-16.

Petitioner errs. His attack on his sentence is not cognizable in § 2241 review. After his conviction becomes final, a federal prisoner generally may challenge the legality of his conviction or sentence only through a motion filed pursuant to § 2255. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). True, the "safety valve" clause of § 2255 allows a petitioner to seek a writ of habeas corpus under § 2241, but only in the "rare case" when a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "Section 2255 [does not become] inadequate or ineffective merely because . . . the one-year statute of limitations has expired." Cradle v. Miner, 290 F.3d 536, 539 (3d Cir. 2002). Rather, a § 2255 motion is inadequate or ineffective "only if it can be shown that some limitation of scope or procedure would prevent a section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." United States v. Brooks, 230 F.3d 643, 648 (3d Cir. 2000) (quoting Lequillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954) (internal quotation marks omitted). The phrase "wrongful detention" means that: (a) the petitioner "is being

detained for *conduct that has subsequently been rendered non-criminal* by an intervening Supreme Court decision"; and (b) the petitioner is barred from filing a § 2255 petition. In re Dorsainvil, 119 F.3d at 252 (emphasis supplied).

Here, Petitioner's drug- and firearm-related offenses underlying his conviction were and still are criminal offenses. Thus, Petitioner's reliance on § 2241 is misplaced, and his attack on the search warrant and evidence it produced is barred since the possibility that such evidence might have been suppressed upon a finding the warrant invalid cannot render Petitioner "actually innocent" for the purposes of the jurisdiction-generating test set forth in Dorsainvil. In light of the foregoing, the Court will dismiss the Petition.[1] An appropriate Order follows.

                                      s/Renée Marie Bumb
                                      **RENÉE MARIE BUMB**
                                      **United States District Judge**

Dated: June 26, 2014

---

[1] Petitioner will be directed to pay his $5 filing fee or submit his in forma pauperis application. See Hairston v. Gronolsky, 348 F. App'x 716, 718 (3d Cir. Oct. 15, 2009) (citing Hall v. Stone, 170 F.3d 706, 707 (7th Cir. 1999), for the observation that the prisoner's legal obligation to pay the filing fee or obtain in forma pauperis status is automatically incurred by the very act of raising a legal claim).