NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JAMAR LONG, | : |
|  | : Civil Action No. 14-3822 (RMB) |
| Petitioner, | : |
| v. | : **MEMORANDUM OPINION AND ORDER** |
| WARDEN J.T. SHARTLE, | : |
| Respondent. | : |

This matter is before the Court upon Petitioner's motion, Docket Entry No. 3, seeking reconsideration of this Court's prior order, Docket Entry No. 3, dismissing Petitioner's § 2241 petition ("Petition"), Docket Entry No. 1, for lack of jurisdiction.

Petitioner is a federal inmate confined at the FCI Fairton, New Jersey. His prison term ensued from his guilty plea to various drug and firearm offenses and the resulting conviction rendered by the District of Maryland. See Docket Entry No. 2, at 1; see also Docket Entry No. 1. Although Petitioner neither appealed his conviction to the Fourth Circuit nor filed a § 2255 motion with the District of Maryland, see Docket Entry No. 1, at 7, Petitioner filed his § 2241 Petition with this District seeking to vacate his conviction under § 2241 upon his assertion that: (a) he erred in his decision to plead guilty; and (b) his time to file a § 2255 motion expired. See, generally, Docket

Entries Nos. 1 and 4.  This Court dismissed the Petition for lack of § 2241 jurisdiction explaining that "a federal prisoner generally may challenge the legality of his conviction . . . only through a motion filed pursuant to § 2255."  Docket Entry No. 2, at 2 (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)).  This Court also explained that "the 'safety valve' clause of § 2255 allows a [litigant] to seek a writ of habeas corpus under § 2241 . . . only . . . when a § 2255 motion [is] 'inadequate or ineffective to test the legality of his detention' [not when the] one-year statute of limitations has expired. . . . [A] § 2255 motion is inadequate or ineffective [when] the [litigant] 'is being detained for *conduct that has subsequently been rendered non-criminal* by an intervening Supreme Court decision.'" Id. at 2-3 (citing, inter alia, In re Dorsainvil, 119 F.3d at 252) (emphasis in original).  Since the drug and firearm offenses of which Petitioner was convicted were never transformed into a non-criminal acts by a Supreme Court's ruling, Petitioner could not resort to the "safety valve," and the Court dismissed his Petition for lack of § 2241 jurisdiction.  In response, Petitioner filed the motion at bar, asserting that he is entitled to resort to the "safety valve" because he keeps insisting that he erred in his decision to plead guilty.  See Docket Entry No. 4 (citing Gilbert v. United States, 609 F.3d 1159 (11th Cir. Fla. 2010), the Eleventh Circuit's counterpart of the Third Circuit's

2

Dorsainvil). Petitioner misreads Dorsainvil. The Dorsainvil test turns on whether the litigant was convicted of an act which, by a later decision of the Supreme Court, is no longer qualified as a crime.[1] Dorsainvil, 119 F.3d at 252. Since Petitioner's attack on the search warrant (that enabled police to discover drugs and firearms underlying Petitioner's conviction) cannot transform the acts of which Petitioner was convicted into a conduct ruled non-criminal by the Supreme Court, Petitioner's motion for reconsideration is facially without merit.[2]

IT IS, therefore, on this **28th** day of **July 2014**,

**ORDERED** that the Clerk shall reopen this matter by making a new

---

[1] In other words, the focus of the Dorsainvil inquiry is on the penal statute under which the litigant was convicted. Correspondingly, when a litigant is convicted of an act that remains a crime, the narrow escape into § 2241 jurisdiction offered by Dorsainvil is unavailable, even if the litigant keeps insisting he was wrongly convicted or – as is the case here – he keeps insisting he pled guilty in error. Had it been otherwise, the direct appellate and § 2255 processes, and the periods of limitations associated with those processes, would automatically be rendered superfluous, since any criminal defendant would be able to challenge his conviction or guilty plea at any time, under § 2241, by simply insisting that he pled guilty in error or that he was innocent of the crimes he was convicted of.

[2] This Court cannot rule out that Petitioner failed to correlate Gilbert and its progeny to Dorsainvil and its progeny simply because one line of cases uses, predominantly, the phrase "safety valve" while the other line of cases uses, predominantly, the phrase "savings clause." However, both phrases mean the very same thing and refer to the same "safety valve"/"savings clause" provision of 28 U.S.C. § 2255(e). See, e.g., Scott v. Shartle, 2014 U.S. App. LEXIS 13642, at *7 (3d Cir. July 17, 2014).

and separate entry on the docket reading, "CIVIL CASE REOPENED"; and it is further

**ORDERED** that Petitioner's motion, Docket Entry No. 4, is denied; and it is further

**ORDERED** that the Petition, Docket Entry No. 1, shall remain dismissed for lack of jurisdiction; and it is further

**ORDERED** that the Clerk shall close the file on this matter; and it is finally

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail.

s/Renée Marie Bumb<br>
**RENÉE MARIE BUMB**<br>
**United States District Judge**

4